IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

THOMAS ZACHARY PETERS,

                Plaintiff,                    OPINION AND ORDER

    v.

                                                                23-cv-232-wmc

SHERIFF WESLEY REVELS,
CHIEF DEPUTY CHRISTOPHER WEAVER,
CAPTAIN STAN HENDRICKSON,
LIEUTENANT RYAN HALLMAN, SERGEANT JEFF SCHWANZ,
DOCTOR JILLIAN BRESNAHAN,
NURSE PRACTITIONER DAWN KEMPEN,
NURSE SARAH MALLOY, NURSE SARAH COADY,
SERGEANT TODD EVERS, SERGEANT BRENT HARRIS,
SERGEANT SHASTA MOGO, OFFICER APRIL BROWN,
OFFICER BRIAN CARTER, DR. KATRINA HAMMEL,
MONROE COUNTY JAIL AND/OR SHERIFFS DEPT.,
ADVANCE CORR. HEALTHCARE (ACH), and VICKI DOE,

                Defendants.

*Pro se* plaintiff Thomas Peters, a state pretrial detainee, filed this proposed amended complaint plus two addenda, raising claims relating to the lack of appropriate medical treatment for serious health conditions and sexual harassment by a prison guard. (Dkt. ## 7, 15, 16.) The next step is to screen the proposed complaint under 28 U.S.C. §§ 1915(e)(2), 1915A. However, because Peters' complaint against the 18 defendants is confusingly organized across 3 documents, contains many apparently extraneous allegations, and outlines multiple lawsuits, it does not comply with the requirements of Federal Rules of Civil Procedure 8 and 20. Therefore, to avoid dismissal of this lawsuit, Peters will need to submit an amended complaint that brings just one lawsuit and corrects

the deficiencies identified below. He has also filed a construed motion for appointment of counsel, which will be denied without prejudice.

OPINION

I. Rule 8 and 20 Problems

Peters seeks to proceed under 42 U.S.C. § 1983, and several other federal statutes and constitutional amendments, on claims that the defendants -- who appear to primarily be healthcare workers and prison guards -- have denied him healthcare and sexually harrassed him. Peters' allegations can be grouped into at least two different lawsuits:

**Lawsuit 1:** Peters alleges that while he was at the jail he suffered from various serious medical conditions. He contends that defendants Sarah Mallow, Dawn Kempen, Shasta Mogo, Ryan Hallman and Stan Hendrickson ignored his medical needs; particularly, as to his low testosterone, hypogonadism, and knee injury. He adds that he was placed in segregation for medical observation in retaliation for filing grievances about his lack of medical treatment.

**Lawsuit 2:** Peters alleges that Jeff Schwanz, a correctional officer, sexually harassed him by making inappropriate sexually suggestive comments like "how many balls can you fit in your mouth?" Peters contends that Hendrickson and Hallman ignored the harassment and did not do anything to stop it, and that unspecified defendants, who were friends with Schwanz, searched his cell, revoked his work assignment and denied him access to his phone and e-mail in retaliation for his complaining about Schwanz's harassment.

Peters also makes many stray allegations that are unrelated to the causes of action listed above, including that: (1) unspecified defendants forced Peters to live in a unit with an inmate who had previously threatened him; (2) Heather Sweet, who is not listed as a defendant, improperly gave him another inmate's mail; (3) defendant April Brown defrauded the Department of Education by removing Peters from a class; (4) defendants Mogo and Hallman screened his confidential legal documents; (5) defendant Sarah Doe switched his medication with another inmate's medication; and (6) Hendrickson denied him pastoral visits.

Under Federal Rule of Civil Procedure 20, plaintiffs may join their claims together in one lawsuit if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A). Yet, as the Court of the Appeals for the Seventh Circuit has stated, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). If a complaint includes unrelated claims against different defendants in violation of Rule 20, a court may order that the lawsuit be severed. *Lee v. Cook Cty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011).

Only *one* group of claims identified above may proceed under this case number. Therefore, plaintiff must decide which group of claims will proceed under this case number, and whether he wishes to proceed with any other group of claims in a separate lawsuit or lawsuits.

Regardless of how plaintiff chooses to proceed, he must submit a new complaint that clarifies his claims. His complaint is confusingly organized across three documents and contains many extraneous allegations, and plaintiff often omits details about the events that occurred and what proposed defendants were involved in the events underlying each proposed claim. As a result, the complaint violates Rule 8 of the Federal Rules of Civil Procedure because it fails to provide proper notice to defendants of plaintiff's claims against them. Under Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights.

To proceed with this lawsuit, therefore, plaintiff will be required to file a second amended complaint, focusing only on essential factual allegations, so that the court can evaluate his claims. Plaintiff must submit one proposed pleading that includes all of the claims and defendants he wishes to proceed against in this lawsuit; he should stop filing addenda to his pleadings. If plaintiff submits a proposed second amended complaint no later than **October 6, 2023**, the court will take it under advisement for prompt screening under 28 U.S.C. § 1915(e)(2).

More practically speaking, in preparing his second amended complaint, plaintiff should draft it as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. As best he can, plaintiff should also tell his

story chronologically, inserting allegations related to each defendant at the time in the chronology of events that they became involved. Most importantly, unlike his first amended complaint, plaintiff should not include information not directly related to his claims. Plaintiff should set forth the most important facts in his case and focus on the main event that was the reason for this suit. Finally, since the complaint is not the time for lengthy legal arguments and briefing, plaintiff should omit them from his second amended complaint.

If plaintiff decides to pursue separate lawsuits based on allegations unrelated to those he decides to pursue under this case number, he will be required to pay a separate filing fee for each additional lawsuit on which he chooses to proceed.

II. Motion for Assistance in Recruiting Counsel

Peters has also filed a declaration documenting his unsuccessful attempts to obtain counsel, which the court construes as a motion for assistance in recruiting counsel. (Dkt. #12.) In its discretion, the court may choose to recruit pro bono counsel for a *pro se* litigant in certain limited circumstances, if the legal and factual difficulties of this case exceed the pro se litigant's abilities. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Peters has not explained in detail how the demands of this lawsuit are beyond his capabilities. Peters' only obligation at this point is to prepare a second amended complaint for the court's review; his submissions suggest that he is capable of meeting that task. Thus, his construed motion for assistance in recruiting counsel will be denied without prejudice to his renewing it later in this lawsuit, provided that he provides specific reasons why he is incapable of meeting the demands of this lawsuit.

ORDER

IT IS ORDERED that:

1) Plaintiff Thomas Peters' complaint is DISMISSED without prejudice under Federal Rules of Civil Procedure 8 and 20.

2) Plaintiff has until **October 6, 2023**, to respond to this order as directed above. If plaintiff fails to respond to this order by that date, the court will dismiss his claims without prejudice for failure to prosecute, *see* Fed. R. Civ. P. 41(b).

3) Plaintiff's construed motion for appointment of counsel is DENIED without prejudice to his renewing it, provided that he shows why he is incapable of meeting the demands of this lawsuit.

Entered this 7th day of September, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge