IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

THOMAS ZACHARY PETERS,

                Plaintiff,                OPINION AND ORDER

  v.

                                                     23-cv-232-wmc

SHERIFF WESLEY REVELS,
CHIEF DEPUTY CHRISTOPHER WEAVER,
CAPTAIN STAN HENDRICKSON,
LIEUTENANT RYAN HALLMAN, SERGEANT JEFF SCHWANZ,
SERGEANT TODD EVERS, SERGEANT MIKE KRAUSE,
SERGEANT SHASTA MOGA, OFFICER APRIL BROWN,
OFFICER BRIAN CARTER, OFFICER HEATHER SWEET,
SPECIALIST MARTY ORDIANS,
MONROE COUNTY JAIL AND/OR JAIL, WI D.O.C.,
and OFFICE OF DETENTION FACILITIES,

                Defendants.

Plaintiff Thomas Peters, who is representing himself and was a state pretrial detainee at the Monroe County Jail at the time of the events underlying this lawsuit, filed this proposed second amended complaint.[1] (Dkt. #24.) The court previously dismissed Peters' complaint for not complying with Federal Rules of Civil Procedure 8 and 20. (Dkt. #17.) The next step is to screen Peters' second amended complaint under 28 U.S.C. §§ 1915(e)(2), 1915A. Peters' second amended complaint has many of the same problems as his first amended complaint. Specifically, his second amended complaint outlines multiple lawsuits and contains many stray allegations, so it still does not comply with the requirements of Rules 8 and 20. Thus, the court will dismiss his second amended

---

[1] Peters has filed two proposed amended complaints dkt. ##18, 24, but he indicates that dkt. #24 is the operative complaint. (*Id.* at 4.)

complaint without prejudice and allow him one more attempt to submit a complaint that brings just one lawsuit and corrects the deficiencies identified below. Peters has also filed a motion for assistance in recruiting counsel which will be denied without prejudice.

OPINION

I. **Rule 8 and 20 Problems**

A plaintiff may bring claims against different defendants in the same lawsuit "only if [those] claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 683 (7th Cir. 2012) (quoting Fed. R. Civ. P. 20(a)(1)(A)). As the Court of Appeals for the Seventh Circuit has explained, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Id.*

Here, Peters' second amended complaint outlines at least five lawsuits. *First,* many of Peters' allegations focus on sexual harassment that he allegedly suffered while at the Monroe County Jail. Specifically, in July 2022, Peters alleges that he filed a Prison Rape Elimination Act ("PREA") complaint after Sergeant Jeff Schwanz sexually harassed him by asking things like "how many balls can you fit in your mouth" and "Peters, come get your favorite wieners." However, he asserts that Lieutenant Ryan Hallman denied his complaint without investigating. Peters alleges that he also met with Hallman and Captain Stan Hendrickson about his complaint, but the officers minimized Schwanz's actions. Peters asserts that staff retaliated against him for filing a PREA complaint by searching his room, ripping family photos off the wall and requiring him to surrender medically approved items.

*Second*, Peters alleges that Sergeant Shasta Moga flirted with him, and he suffered retaliation for filing a complaint about Moga's inappropriate behavior. He appears to assert that unidentified staff retaliated against him by "losing" his grievances. He adds that Marty Ordians, a specialist with the Office of Detention Facilities, minimized staff conduct without investigating. *Third*, he asserts that unidentified prison staffers were inappropriately monitoring him while he was naked in his cell, and that Hallman responded to his complaint about the monitoring with "blatant lies." Peters alleges that, in March 2023, he was placed in medical observation, but he received no treatment in retaliation for the grievances that he had filed.

*Fourth*, Peters alleges that he was subjected to unsanitary living conditions, asserting that there were pests near his bed, cold water, faulty plumbing that caused waste to seep from toilets, poor shower draining, and no barrier separating the restroom from the eating area. He adds that, when a shower overflowed, Officer Brian Carter denied him gloves, towels or a mop to clean up the mess. Peters asserts that he filed a complaint about his living conditions, but Ordians minimized his complaints.

*Fifth*, Peters includes many stray allegations, including that: (1) Hendrickson ordered him to stop drawing pictures of jail staff; (2) Hallman and Hendrickson ordered prison staff to screen and copy his legal mail; (3) Sergeant Todd Evers disciplined him for using a stack of paper towels to elevate his injured knee; (4) staff placed him in a unit with a dangerous inmate who brandished a shank and shouted threats; (5) jail staff denied him toilet paper while he was in segregation; (6) jail staff systematically denied him access to forms and mail; (7) Sergeant Mike Krause disparaged him; (8) staff placed him in a cell

3

only accessible by stairs despite his lower bunk order; (9) Officer Heather Sweet gave him another inmate's confidential mail; and (10) a nurse mistakenly gave him a different inmate's medication, causing him negative side effects. Peters also asserts that Hallman prevented him from meeting with law enforcement after his identity was stolen, causing his credit score to "plummet," and Hallman and Hendrickson refused to act on threats to Peters' family.

Although Peters mostly eliminated his healthcare-related claims in his second amended complaint, he now appears to assert a conditions of confinement claim in addition to his sexual harassment-based claims. Only *one* group of claims arising from an occurrence identified above may proceed under this case number. Therefore, Peters must decide which group of claims will proceed under this case number, and whether he wishes to proceed with any other group of claims in a separate lawsuit or lawsuits. If Peters decides to pursue separate lawsuits based on allegations unrelated to those he decides to pursue under this case number, he will be required to pay a separate filing fee for each additional lawsuit on which he chooses to proceed.

Regardless of how Peters chooses to proceed, he must submit a new complaint *using the court's standard complaint form* that clarifies his claims. The court will provide him with a copy of the standard complaint form when it sends this order. Under Rule 8(d), "each allegation must be simple, concise, and direct," with the primary purpose being to provide fair notice to defendants so that the court and defendants may "understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994) (quotation marks omitted). Here, Peters has violated Rule 8 by

4

including many stray and apparently irrelevant facts in his complaint. *See Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) ("length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter'") (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)); *see also Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy.") It appears that Peters intends to focus his complaint on the alleged sexual harassment that he suffered, but the court cannot be certain when he also includes allegations about other things like conditions of confinement and identity theft.

To proceed with this lawsuit, therefore, Peters will be required to file a third amended complaint, using the court's standard complaint form and focusing only on essential factual allegations, so that the court can evaluate his claims. If Peters submits a proposed third amended complaint no later than **October 18, 2024**, the court will take it under advisement for prompt screening. Peters should be aware that this will be his last chance at amending his complaint, and if his third amended complaint continues to have the same issues as his other complaints, the court will dismiss his complaint with prejudice. *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666-67 (7th Cir. 2007) (repeated failure to remedy same pleading deficiency warrants dismissal with prejudice).

In preparing his third amended complaint, **Peters should not include information that is not directly related to his claims**. Further, he should only include information about things that happened to him, and he should not include information about

defendants' alleged actions against other inmates. Instead, he should only set forth the facts most important to *his* case and focus on the main event that was the reason for this suit. Moreover, Peters should draft it as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. Peters should set forth his allegations in separate, numbered paragraphs using short and plain statements. As best he can, Peters should also tell his story chronologically, inserting allegations related to each defendant at the time in the chronology of events that they became involved.

## II.     Motion for Assistance in Recruiting Counsel

Peters also moves for assistance in recruiting counsel, asserting that he has little experience, lacks adequate legal resources and his failure to state a claim in his previous complaints shows that he needs counsel. (Dkt. #19.) In its discretion, the court may choose to recruit pro bono counsel for a *pro se* litigant in certain limited circumstances, if the legal and factual difficulties of the case exceed the *pro se* litigant's abilities. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This court would find a volunteer attorney for every *pro se* litigant if enough lawyers were available to do this, but the court receives over 200 new *pro se* lawsuits every calendar year, and only 15 to 20 attorneys are willing to take such cases, and they do not take one every year. Thus, the court is forced to marshal this scarce resource. At this point in the case, Peters' only obligation is to prepare a third amended complaint for the court's review. Although he has struggled to submit a complaint that complies with Rules 8 and 20, his submissions are well-written, which

suggests that he can meet the demands of this case. With that context in mind, his motion for assistance in recruiting counsel is denied without prejudice to his renewing it later in this lawsuit.

ORDER

IT IS ORDERED that:

1) Plaintiff Thomas Peters' second amended complaint is DISMISSED without prejudice. (Dkt. #24.)

2) Plaintiff has until **October 18, 2024**, to respond to this order as directed above. If plaintiff fails to respond to this order by that date, the court will dismiss his claims without prejudice for failure to prosecute, *see* Fed. R. Civ. P. 41(b).

3) Plaintiff's motion for appointment of counsel is DENIED without prejudice. (Dkt. #19.)

Entered this 27th day of September, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge