IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

THOMAS ZACHARY PETERS,

          Plaintiff,

v.

CAPTAIN STAN HENDRICKSON,
LIEUTENANT RYAN HALLMAN, and
SERGEANT JEFF SCHWANZ,

          Defendants.

ORDER

23-cv-232-wmc

Plaintiff Thomas Peters moves for a preliminary injunction (dkt. #35) and assistance recruiting counsel. (Dkt. #43.) The court will deny both motions. In plaintiff's motion for a preliminary injunction, he asks the court to order the: (1) Monroe County Jail to dismiss allegedly "redundant" and retaliatory conduct reports; and (2) Wisconsin Department of Corrections to change his classification status to "medium." (Dkt. #35.) To obtain preliminary injunctive relief, plaintiff must show that (1) he is "likely to succeed on the merits"; (2) traditional legal remedies would be inadequate; and (3) he will suffer irreparable harm without the relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Finch v. Treto*, 82 F.4th 572, 578 (7th Cir. 2023). A party seeking a preliminary injunction "must make a strong showing that [it] is likely to succeed on the merits," while "a mere possibility of success" is not enough to show a likelihood of success on the merits. *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020).

Although the court is allowing plaintiff to proceed on a claim that Sergeant Jeff Schwanz retaliated against him by issuing false conduct reports, plaintiff has not made a "strong showing" that he is likely to succeed on that claim. Rather, as the court explained

in its screening order, while it was allowing him to proceed on a retaliation claim, to succeed on such a claim he would have to provide *specific* evidence that defendant's actions were motivated by a desire to punish him for filing a grievance. (Dkt. #27, at 4-5.) To date, plaintiff has not provided such evidence, so he has not shown a substantial likelihood of success on the merits of his retaliation claim.

As to irreparable harm, plaintiff alleges that, because he is being held at maximum security status, he is being denied veteran's services and other programming, adding that he has been held in isolation for three years. Even if this amounted to irreparable harm, it does not appear that any of the defendants in this case, who are all Monroe County Jail employees, would have the authority to alter plaintiff's security classification at his current place of incarceration, Columbia Correctional Institution. Moreover, this court generally does not interfere with institutional security decisions. Thus, plaintiff's motion for a preliminary injunction is DENIED.

Next, plaintiff moves for assistance recruiting counsel. (Dkt. #43.) However, as Magistrate Judge Boor explained in denying his earlier motion for counsel, the case is still in its earliest stages (dkt. #40), and the court is unpersuaded that he currently needs counsel. Thus, plaintiff's motion is DENIED without prejudice, and he may renew his motion provided that he shows that the circumstances of this case have changed.

Entered this 7th day of April, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge