IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

THOMAS ZACHARY PETERS,

                             Plaintiff,                          ORDER

        v.
                                                              23-cv-232-wmc

CAPTAIN STAN HENDRICKSON,
LIEUTENANT RYAN HALLMAN, and
SERGEANT JEFF SCHWANZ,

                    Defendant.

        Plaintiff Thomas Peters is currently incarcerated at Columbia Correctional Institution ("CCI") and proceeding on First Amendment retaliation and Fourteenth Amendment due process claims against officers employed at the Monroe County Jail. Plaintiff has now filed an addendum to his motions for assistance recruiting counsel and injunctive relief.  (Dkt. #47.)   His addendum also raises many miscellaneous issues. Starting with his renewed counsel motion, plaintiff asserts that he has many impairments, but this case is still at its earliest stages, and there are no currently pending motions to which plaintiff needs to respond.  Thus, his renewed motion for assistance in recruiting counsel will be denied.  Next, plaintiff's renewed motion for a preliminary injunction will also be denied, as he reiterates arguments that the court previously rejected -- that the court should expunge the allegedly false conduct reports he received at the Monroe County Jail, so that he can have a lower security classification.

        Next, plaintiff's addendum raises issues relating to: (1) his prison conditions and medical care; (2) his filing fee; and (3) litigating this case.  As to prison conditions, plaintiff asks the court to order the Department of Corrections ("DOC") to transfer him to a

different institution. He also asks that he be housed in an ADA compliant cell with a medical grade mattress, provided hearing aids, and offered employment after he was allegedly wrongfully terminated because of his disability.  However, plaintiff is now incarcerated at CCI, and all of the defendants in this case are Monroe County Jail employees, so they do not have the authority to change where he is housed or to provide him with the medical accommodations that he seeks, so that motion will be denied.  To the extent that plaintiff seeks to raise claims about his prison living conditions and medical care, he would have to raise those claims in a new lawsuit.

In addition, plaintiff asks the court to suspend filing fee collection for all of his cases in this court until those cases are resolved, asserting that a DOC supervisor is mismanaging his funds, and he cannot properly litigate his cases.  However, 28 U.S.C. § 1915(b)(2) does not permit the court to modify or suspend his monthly payment.  And, while plaintiff suggests that the monthly payments have prevented him from mailing his discovery, plaintiff has submitted numerous, multi-page filings to this court in the past months, which suggests that he continues to have the supplies necessary to litigate this case.  Indeed, it appears that plaintiff mailed this motion and its many attachments to defendants' counsel. (Dkt. #47-10.)  Thus, his motion to suspend filing fee collection also will be denied.

Plaintiff also asks the court to: (1) allow him 15 hours per week in the law library; (2) order the DOC to scan his legal documents; (3) order the DOC to provide him with a laptop for use in his cell; and (4) investigate CCI's handling of his legal documents.  As to his first request, plaintiff asserts that he is limited to 2 hours per day in the law library and asks the court to order that he have at least 15 hours per week in the law library, but he

has not explained why two hours is insufficient, especially when this case is just beginning, and his other cases before this court have yet to be screened.[1]

As to plaintiff's remaining requests, the court generally does not interfere with institutional security decisions unless those decisions are preventing him from litigating this case. Thus, the court will not order DOC to provide plaintiff with a laptop or to scan his legal documents in excess of the DOC's document limit. Similarly, the court will not investigate CCI's mail-handling processes absent plaintiff showing that he has been prevented from litigating his case because of those processes. To the extent that plaintiff seeks injunctive relief against M. Hille and Dana Gorney for their handling of his legal documents and correspondence at CCI, neither are defendants in this action. If plaintiff believes that individuals at CCI are improperly handling his mail, he will have to file a new and separate lawsuit raising that claim against the individuals he believes are responsible, and he may renew his request for preliminary injunctive relief in that case. Finally, plaintiff asserts that he can e-file his discovery responses on this court's docket, but as the clerk's office explained, the court does not want the parties to file discovery materials with the court, except to support a motion in the case.

Thus, plaintiff's "addendum" and its many sub-motions are DENIED. (Dkt. #47.) Entered this 24th day of April, 2025.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

---

[1] Plaintiff also asserts that the law library is insufficiently private, putting him in "imminent danger" when he views documents related to this case, but for the reasons explained above, the court is not in the position to dictate the setup of CCI's law library.