IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS ZACHARY PETERS,

                    Plaintiff,                    OPINION AND ORDER

v.

                                                23-cv-232-wmc

CAPT. STAN HENDRICKSON,
LT. RYAN HALLMAN, and
SGT. JEFF SCHWANZ,

                    Defendants.

---

Plaintiff Thomas Zachary Peters, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that Monroe County Jail officers Jeff Schwanz, Ryan Hallman, and Stan Hendrickson violated his civil rights. (Dkt. #26.) The parties' motions for summary judgment are currently under advisement. (Dkt. #54 and Dkt. #65.) Plaintiff also moved for assistance in recruiting counsel, to extend the deadline for discovery or stay all pending deadlines, to compel discovery from a non-party witness, and to compel production of deposition transcripts. (Dkts. ##96, 100, 101, 110.) The court discusses each of plaintiff's motions in turn.

    **A. Motion for Assistance Recruiting Counsel**

Plaintiff moved for assistance recruiting counsel, citing the nature and complexity of his case. (Dkt. ##96-99.) He also asserts that his ongoing medical issues would impede his ability to represent himself since he is under monitoring for syncope and its associated symptoms of dizziness, fainting, headache, and vomiting. (Dkt. ##96-99, 109.) In support of this motion, plaintiff further notified the court that he is scheduled for hernia

surgery on January 20, 2026, the current trial date in this case. (Dkt. #109.) For good cause, the court will grant plaintiff's motion for assistance in recruiting counsel, should some part or all of his claims survive defendants' summary judgment motion. *See Thomas v. Wardell*, 951 F.3d 854, 860 (7th Cir. 2020).

Nonetheless, litigants in civil cases do not have a constitutional right to counsel, and the court can only assist in recruiting counsel who is willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (*en banc*). Thus, the court cannot guarantee that its efforts to recruit counsel will be successful or that plaintiff may not ultimately be required to proceed in this case *pro se*.

### A. Motion for Extension of Time or Motion to Stay All upcoming Deadlines

Plaintiff also moves to extend the close of discovery, or in the alternative, to stay all pending case deadlines. (Dkt. #100.) Because plaintiff does not demonstrate a specific need for additional discovery, and instead states that he has already sent the interrogatories and requests for production that he desired, the court will deny this part of the motion.

Because the court will grant plaintiff's motion for assistance recruiting counsel and plaintiff is scheduled for surgery on the current trial date, however, the court will also grant plaintiff's motion in part and strike all upcoming pre-trial deadlines and the trial date. The court will notify the parties if it is successful in recruiting counsel for plaintiff, and at that time, the court will set a scheduling hearing for the remainder of the case.

### B. Motion to Compel a Non-party Witness

Plaintiff next moves to compel discovery from a non-party witness, his former

criminal defense attorney, Bernardo Cueto. (Dkt. #101.) Plaintiff claims that Cueto, and his former criminal investigator, "Diane Doe," have documents and photographs which relate to his claims. Plaintiff does not provide specific facts showing how any of the sought-after evidence relates to his claims of harassment and retaliation. Plaintiff also does not comply with Federal Rule of Civil Procedure 45, which governs subpoenas and provides protections for nonparties by requiring the party responsible for issuing and serving a subpoena to take "reasonable steps" to avoid imposing "undue burden" and expense on nonparties. Therefore, plaintiff's motion to compel will be denied.

### C. Motion to Compel Production of Deposition Transcripts

Finally, plaintiff moves to compel production of deposition transcripts from defendants regarding depositions taken in the last two weeks. (Dkt. #110.) Since plaintiff candidly states that the defendants have not yet had an opportunity to comply with his request, and defendants are entitled to an opportunity to respond before responding to a motion to compel, *see* Fed. R. Civ. P. 37, plaintiff's motion to compel will be denied as well.

### ORDER

IT IS ORDERED that:

1) Plaintiff's motion for assistance in recruiting counsel (dkt. #96) is GRANTED.

2) Plaintiff's motion to extend deadlines for discovery or stay all deadlines (dkt. #100) is DENIED IN PART and GRANTED IN PART as set forth above.

   a. The cutoff for discovery REMAINS Friday, December 5, 2025.

   b. The remaining pretrial deadlines and the trial date are STRUCK.

3) Plaintiff's motion to compel testimony from a non-party witness (dkt. #101) is DENIED.

4) Plaintiff's motion to compel production of documents (dkt. #110) is DENIED.

Entered this 4th day of December, 2025.

                BY THE COURT:

                /s/

                _____
                WILLIAM M. CONLEY
                District Judge